Case No. 20-2516-MBB

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Ryan P. Griffin, depose and state as follows:

1.  I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). I have been employed as an ATF Special Agent since 2017. As an ATF Special Agent, my duties include the investigation of violations of laws related to firearms trafficking, firearm possession by prohibited persons, and the use of firearms in drug trafficking crimes. I am a graduate of the ATF National Academy and of the Federal Law Enforcement Training Center. I possess a Juris Doctor from Suffolk University Law School, as well as an undergraduate degree in Criminal Justice. I am currently assigned to Group VI in the Boston Field Division of the ATF. This group works with other federal, state, and local police departments north of the City of Boston investigating violations of the federal firearms, explosives, and controlled substance laws. Prior to my employment with ATF, I was employed as a Federal Air Marshal with the U.S. Department of Homeland Security for approximately 9 years, and prior to that, I was employed as a Patrolman with the Groton Police Department in Massachusetts for approximately 4 years.

2.  Also, as an ATF agent, I have participated in and conducted investigations involving firearm trafficking, and firearms possession by persons, including felons, narcotics users and narcotics and firearms traffickers. I have participated in undercover purchases of firearms, surveillance of firearms traffickers, interviews of suspects, execution of search warrants and have

1

been the affiant of criminal complaints. Based on my training and experience as an ATF Special Agent, I am familiar with the federal firearms laws.

3. Based on my training and experience, I am aware that a violation of 18 U.S.C § 922(g)(1), makes it a federal offense for any individual, who has previously been convicted of a crime punishable by imprisonment for a term exceeding one year, to possess a firearm or ammunition in or affecting interstate commerce. This affidavit is being submitted in support of a criminal complaint and arrest warrant charging Kyle EVANS ("EVANS"), year of birth 1986, with a violation of 18 U.S.C. § 922(g)(1), felon in possession of ammunition, on or about August 4, 2020.

4. The statements set forth in this affidavit are based in part on my investigation of the matter as well as on information provided by ATF and other law enforcement officials. This affidavit is being submitted for the limited purpose of establishing probable cause to believe EVANS violated 18 U.S.C. §922(g)(1). It therefore, does not include all of the facts known to me concerning this investigation.

## PROBABLE CAUSE

5. On August 4, 2020, Everett Police arrested EVANS for firearm and narcotic offenses. By way of background, at approximately 22:15 hours on August 4, 2020, an Everett Police Department ("EPD") officer observed a vehicle (MI PC EBN9917) fail to stop at a red light at the intersection of Route 16 and South Ferry Street in Everett, Massachusetts. As a result, the officer then stopped the vehicle at the intersection of Route 16 and Spring Street in Everett. The operator was the sole occupant in the vehicle. The officer observed the operator bend over almost disappearing from view while inside the

2

vehicle. The officer observed the operator sweating, breathing heavily, and appearing extremely nervous. The operator told the officer that he had just come from the hospital with his girlfriend. When the officer asked the operator for his license and registration, the operator stated that he did not have a license. The officer observed the operator continue to move his hands around the vehicle. The officer then asked the operator if he had any identification and the operator stated that he did not. The officer then asked the operator to exit the vehicle, and subsequently identified the operator of the vehicle as Kyle EVANS- Other officers arrived at the motor vehicle stop to assist, and a check with the Registry of Motor Vehicles ("RMV") revealed that EVANS' Massachusetts driver's license was suspended. EVANS advised the officers that the motor vehicle was a rental and that it was overdue. EVANS was placed under arrest. Officers then called for a tow of the vehicle and began an inventory search of the vehicle.

6. While conducting the inventory search of the vehicle, officers located a black bag containing an amount of currency in the trunk. At this time, EVANS spontaneously uttered that the money had come from a strip club. Inside the same black bag, officers located a clear, knotted plastic bag containing a tan rock substance, which, based on their training and experience, officers believed to be crack cocaine. Inside the same black bag, officers also located a black iPhone which began receiving repeated incoming calls from someone listed as "Big Boss." Officers also located a carry case for a Glock handgun inside the trunk. Inside the Glock carry case, officers discovered 2 firearms: a German Sport Guns GSG-1911, .22 cal. semiautomatic pistol (serial number obliterated), loaded with (9) rounds; and

a Mauser Luger, 9mm semiautomatic pistol (serial no. 4340), loaded with (6) rounds. Officer's also discovered additional bags of suspected crack cocaine, as well as some .40 caliber ammunition. Officers then advised EVANS to produce his Massachusetts License to Carry ("LTC)" and EVANS stated that he did not have one.

7. Officers conducted a search of EVANS and discovered at least (4) rounds of .22LR caliber ammunition in EVANS' left pants pocket. EVANS was then transported to the EPD.

8. Due to traffic and weather conditions at the motor stop location, the inventory search was suspended, and the vehicle was towed to the EPD where the inventory search resumed. An officer followed the towed vehicle back to the EPD while another officer transported the currency, iPhone, ammunition, and the two firearms to EPD. The inventory of the vehicle resumed in the garage at the EPD where officers located a Smith & Wesson M&P, 9mm semiautomatic pistol (serial no. HDR4870) loaded with (9) rounds, inside a black Adidas bag, and located a Smith & Wesson Bodyguard, .380 cal. semiautomatic pistol (serial no. KEF3384), loaded with (4) rounds, inside a camouflaged bag which also contained men's clothing. Officers then located a privately made firearm (PMC), 9mm semiautomatic pistol (no serial number), loaded with (10) rounds, under the driver's seat of the vehicle. Officers located (1) single round of .40 caliber ammunition between the back seat and the trunk of the vehicle. Additionally, officers located a laptop and Rolex watch inside the vehicle. In total, five firearms as well both .22LR caliber and .40 caliber rounds of ammunition were found in the vehicle.

9. The Glock carry case located inside the vehicle had a serial number of (BMTF373). Although no Glock firearm was recovered from the vehicle, a trace of that serial number located on the Glock carry case revealed a serial number for a Glock that was reported stolen from California.

10. Preliminary investigation revealed that the renter of the vehicle, JD, had rented the vehicle from June 21, 2020 to August 24, 2020. JD subsequently advised investigators that he had rented the vehicle for his daughter, AP, to use for this aforementioned period of time.[1]

## Previously Convicted Felon Status of EVANS

11. A review of EVANS criminal history reveals that he has several felony convictions in the Commonwealth of Massachusetts, including a 2016 conviction for Armed Robbery (knife) out of Middlesex Superior Court, indictment # 1581CR00341, for which EVANS received a committed sentence of 2 years to 2 years and 1 day. He has also been convicted of other crimes where he received sentences of imprisonment exceeding one year committed.

12. From my training and experience, I am aware that the conviction outlined in the preceding paragraph is a felony under Massachusetts General Law and meets the definition of "crime punishable by imprisonment for a term exceeding one year" as set forth at 18 U.S.C. § 921(a)(20). I am further aware that EVANS has previously been convicted of

---

[1] The undersigned is aware of the full names of the individuals listed by initials in this paragraph. However, for privacy reasons, their full names are not included herein.

other felony crimes that are punishable by imprisonment for a term exceeding one year as set forth at 18 U.S.C. § 921(a)(20).

13. Subsequent investigation revealed that EVANS has, at no time, requested nor received any pardon from the Commonwealth of Massachusetts for this, or any other convictions.

14. The investigation has also revealed that EVANS has never applied for, nor received relief from or approval by the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives to legally possess a firearm following his convictions.

## Interstate Nexus of Firearms and Ammunition

15. Through consultation of other ATF agents, I am aware that no commercially available ammunition is manufactured within the Commonwealth of Massachusetts. As such, the ammunition located on EVANS person was manufactured outside of the Commonwealth of Massachusetts, and thus, had to travel in interstate commerce prior to August 4, 2020.

16. Additionally, the ammunition found in the vehicle operated by EVANS was also manufactured outside of the Commonwealth of Massachusetts, and thus, had to travel in interstate commerce prior to August 4, 2020.

17. Further, based on my training and experience, and in consultation with ATF agents, and review of records, the ATF has determined that (4) out of the (5) firearms found in the vehicle operated by EVANS were manufactured and/or purchased outside of the Commonwealth of Massachusetts, and thus, had to travel in interstate commerce prior to August 4, 2020.

## Conclusion

18.     Based on the foregoing, I respectfully submit there is probable cause that on or about August 4, 2020, within the District of Massachusetts, EVANS, an individual who had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, did possess at least (4) rounds of .22LR caliber ammunition on his person, in or affecting interstate commerce, in violation of 18 U.S.C. § 922(g)(1).

Ryan P. Griffin
ATF, Special Agent

Telephonically sworn to before me this 6th day of October, 2020.


HON. MARIANNE B. BOWLER
United States Magistrate Judge